IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MAHAHMADOU TOURE, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIV 07-01388 PHX NVW (MEA) |
| ) | |
| KATRINA KANE, ) | REPORT AND RECOMMENDATION |
| ) | |
|     Respondent. ) | |

**TO THE HONORABLE NEIL V. WAKE:**

    Mr. Mahahmadou Toure ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on July 20, 2007, asserting his continued detention by Respondent pending his removal to Mali violated United States law and his constitutional rights. At that time, Petitioner was confined in Respondent's custody in Eloy, Arizona. Respondent filed a Suggestion of Mootness September 28,, 2007, asserting the petition for relief is now moot because Petitioner has been released from detention and placed on an Order of Supervision. See Docket No. 10.

    **1.   Procedural History**

    On November 6, 2006, an Immigration Judge ordered Petitioner be removed to Mali. See Petition at 4. Petitioner has not sought further review of the order of removal. Id. Petitioner was taken into custody on October 17, 2006. Id. The

only relief sought in the habeas petition was Petitioner's release from custody pending his removal from the United States. See id.  Petitioner asserted he has no criminal history and that his removal was not reasonably likely in the foreseeable future. Id.

In her suggestion of mootness, Respondent avers that Petitioner was released from detention on or about September 20, 2007, under an Order of Supervision.  See Docket No. 10, Attach.

**2. Analysis**

Respondent presents evidence to the Court that Petitioner has been released from detention.  Because the petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot.  The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted).  If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then the case is moot.  See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Petitioner was released from detention approximately two months after he filed his federal habeas petition.  The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court.  Therefore, this habeas action, alleging his continued detention violates federal law

and his constitutional rights, is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007); Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention.  There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Toure's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia,

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 22nd day of October, 2007.

_____
Mark E. Aspey
United States Magistrate Judge

-4-